IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEANGELO BROTHERS, INC., :
: Case No. 4:05-cv-00526
          Plaintiff, :
: Judge Jones
v. :
:
RILEY, INC., :
          Defendant. :

**MEMORANDUM AND ORDER**

**September 12, 2005**

FILED
WILLIAMSPORT, PA
SEP 1 2 2005
MARY E. D'ANDREA, CLERK
PER _____
        DEPUTY CLERK

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendant Riley, Inc.'s ("Riley" or "Defendant") Motion to Dismiss Amended Complaint and Alternative Motion for Transfer ("the Motion") (doc. 14), filed on May 18, 2005. For the following reasons, Defendant's Motion will be denied.

**PROCEDURAL HISTORY & STATEMENT OF FACTS:**

Plaintiff DeAngelo Brothers, Inc. ("DBI" or "Plaintiff"), a Pennsylvania corporation, commenced this action in the Court of Common Pleas of Luzerne County on February 15, 2005 against Defendant Riley, Inc., an Alabama corporation. Defendant removed the case to this Court on March 14, 2005. Plaintiff filed an amended complaint on April 29, 2005. The amended complaint alleged violations of state law in three separate counts: (1) breach of contract, (2)

intentional misrepresentation; and (3) negligent misrepresentation (Rec. Doc. 13).

On May 18, 2005 Defendant filed the instant Motion, which has been fully briefed by the parties. The Motion is therefore ripe for disposition.

## A. Personal Jurisdiction

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). When a defendant challenges an action based on a claim of lack of personal jurisdiction, the Third Circuit only requires the plaintiff to "establish a prima facie case of personal jurisdiction," taking the plaintiff's allegations of fact as true. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)(citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). To overcome plaintiff's prima facie case the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1986).

Federal district courts have personal jurisdiction over non-resident defendants to the extent permitted in the state in which the federal court sits. See Fed.R.Civ.P. 4(e). In relevant part, Pennsylvania's long-arm statute provides specific personal jurisdiction over a person who transacts business in the

2

Commonwealth or causes harm or tortious injury by an act or omission in the Commonwealth. See 42 Pa. Cons. Stat. § 5322(a)(1) & (3) (2005). The statute defines the transaction of business to include the commission of a single act in the Commonwealth "for the purpose of thereby realizing pecuniary benefit." Id. at § 5322(a)(1)(iii).

In addition, Pennsylvania's jurisdiction extends "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contacts with this Commonwealth allowed under the Constitution of the United States." Id. at § 5322(b). The United States Supreme Court has held that jurisdiction over a defendant is proper when:

> the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state. Thus where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there.

Burger King, 471 U.S. at 475-476. Therefore, the defendant must take an affirmative act towards the forum, thereby "invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The defendant's actions must be of such nature and quality that the defendant "should reasonably

anticipate being haled into court" in the forum state. World Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980). Moreover, the Third Circuit Court of Appeals has held that courts should take a "highly realistic" approach when determining whether to assert personal jurisdiction over a non-resident defendant. Mellon Bank PSFS Nat'l Ass'n v. Farino, 960 F.2d 1217, 1224 (3d Cir. 1992). In a breach of contract action, the court's considerations should include "the relationship among the forum, the defendant and the litigation," as well as "prior negotiations and contemplated future consequences, along with the terms of the contract." Mellon Bank, 960 F.2d at 1221.

In this case, Plaintiff and Defendant entered into the Subcontractor Agreement ("Agreement") (doc. 14, Ex. A) under which Defendant was to provide vegetation management services at various railroad crossings in Alabama and other states in the Southeast. The Agreement was reached following a course of telephonic and facsimile negotiations during which Defendant made numerous phone calls and sent faxes to Plaintiff's headquarters in Hazleton, Pennsylvania. (Aff. of Dale Riley at 3-4). By the terms of the Agreement, the Defendant submitted, by facsimile and regular mail, weekly status reports of work performed under the Agreement to Plaintiff's Pennsylvania headquarters. (Aff. of Dale Riley at 4). Furthermore, Defendant rented operating equipment from Plaintiff's

Pennsylvania headquarters, with rental payments deducted from sums owed to Defendant under the Agreement for services performed. (Aff. of Dale Riley at 4).

Additionally and perhaps most significantly, on January 15, 2004, Defendant's representatives traveled to Plaintiff's Hazleton, Pennsylvania headquarters for a meeting to discuss Defendant's alleged failure to perform under the Agreement and Plaintiff's intentions to terminate the contractual relationship. (Aff. of Dale Riley at 5). During the course of this meeting, Plaintiff alleges that Defendant's representatives made a series of misrepresentations to Plaintiff, including representations that services had been performed by Defendant when, Plaintiff alleges, these services were never performed. In reliance on Defendant's misrepresentations, Plaintiff opted not to terminate the Agreement, advanced cash sums to Defendant and entered into ancillary agreements, whereby Defendant was to perform railroad vegetation services at additional locations.

Taking Plaintiff's allegations of fact in the complaint as true, as we must at this juncture, it is clear to the Court that Defendant's actions and omissions satisfy the constitutional and statutory threshold for minimum contacts with the Commonwealth of Pennsylvania and Defendant is amenable to specific personal jurisdiction in this Court. Throughout the course of dealing between the parties, Defendant conducted activities directed at the Commonwealth, including regular

and systematic communications with Plaintiff's headquarters and equipment rental from Plaintiff. Furthermore, Defendant transacted business in Pennsylvania on January 15, 2004, when its representatives traveled to Hazleton, Pennsylvania and entered into additional contractual agreements with Plaintiff. Finally, Defendant's alleged misrepresentations at the January 15, 2004 meeting caused harm and tortious injury to Plaintiff, when Plaintiff thereafter hired another company to perform the services Defendant was failed to render under the Agreement and Defendant refused to reimburse Plaintiff for the cost thereof.

## B. Transfer of Civil Action

In considering a motion to transfer a civil action to another federal district, the applicable legal standard is "the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a) (2005). Factors to be considered in determining a motion to transfer include the plaintiff's choice of forum, interests of the litigants, ease of access to sources of proof, costs of obtaining attendance of witnesses and judicial economy. As a general rule, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil v. Gilbert, 330 U.S. 501, 508-509 (1947).

Defendant argues that since all "underlying events" of this action occurred in Alabama, this action should be transferred to the District Court for the Northern District of Alabama[1] for the ease of access to sources of proof (Rec. Doc. 15 at 8). However, Defendant's statement is overbroad; not only did Defendant's representatives present themselves at a business meeting that is central to Plaintiff's claims but Defendant also maintained regular communications with Plaintiff's headquarters in Pennsylvania. It is clear to this Court that potential sources of proof are located in Pennsylvania, in the forms of witnesses present at the January 15, 2004 meeting and documents housed at Plaintiff's headquarters. Although some sources of proof might be located in Alabama, other sources of proof are located in Pennsylvania, and as the case law indicates, the balance of factors must weigh heavily in favor of the defendant before a plaintiff's choice of forum will be disturbed. Defendant has not made such dispositive showing in its briefs.

Furthermore, Defendant's reliance on the fact that the services under the Agreement were performed in Alabama is misplaced. The situs of the act or

---

[1] Although Defendant's Alternative Motion initially requests transfer to the Northern District of South Carolina (Rec. Doc. 15 at 1), this Court has assumed that Defendant desires transfer to the Northern District of Alabama, since the arguments in Defendant's supporting papers argue for transfer to Alabama (Rec. Doc. 15 at 7-8).

omission in a breach of contract action is not a factor to be considered in a motion to transfer. This factor becomes relevant at a later stage of the civil action, namely in the court's choice of law decision.

In this action, Plaintiff's selection of the Middle District of Pennsylvania as its forum is entitled to great weight. While Defendant is located in Alabama and may be mildly inconvenienced by traveling to Pennsylvania to litigate this dispute, the balance of factors does not so heavily weigh in Defendant's favor as to warrant transfer to the Northern District of Alabama.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Amended Complaint and Alternative Motion to Transfer (doc. 14) is DENIED.

*/s/ John E. Jones III*
John E. Jones III
United States District Judge